UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BANCA NAZIONALE DEL LAVORO,

                                                                                                                                  07 Civ. 8000 (TPG)

            Plaintiff,

    -against-                                                                               **ANSWER**

THE REPUBLIC OF ARGENTINA,

            Defendant.
-----------------------------------------------------------x

      Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint, dated September 12, 2007 (the "Complaint"), respectfully states as follows:

      1.      The first sentence of Paragraph 1 of the Complaint purports to characterize the nature of the action brought, and accordingly, no responsive pleading is required.  To the extent that Paragraph 1 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, except admits that, since December 2001, it has not paid interest or principal on nonperforming debt.

      2.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

      3.      Paragraph 3 of the Complaint constitutes a conclusion of law as to which no

responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

4. Paragraph 4 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

5. Paragraph 5 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

6. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, except admits that it entered into a Trust Deed dated July 27, 1993 ("1993 Trust Deed"), and refers to the 1993 Trust Deed for its true and correct contents. The Republic admits that it issued bonds having ISIN US04011NAL29 and US04011NAM02. To the extent that Paragraph 6 purports to characterize the contents of written documents, which documents speak for themselves, the Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 6 for their true and correct contents.

7. Paragraph 7 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 7 of the Complaint for its true and correct contents.

8. The Republic admits that since December 2001 it has not paid interest or principal on nonperforming debt, including principal payments on the bonds described in Paragraph 8 of the Complaint. To the extent that Paragraph 8 purports to characterize the contents of written documents, which documents speak for themselves, the Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in

Paragraph 8 of the Complaint for their true and correct contents.

9. The Republic denies the allegations of Paragraph 9 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt. To the extent that Paragraph 9 purports to characterize the contents of written documents, which documents speak for themselves, the Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 9 of the Complaint for their true and correct contents.

10. Paragraph 10 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 10 of the Complaint.

11. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint. Paragraph 11 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 11 of the Complaint for its true and correct contents.

12. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint. Paragraph 12 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 12 of the Complaint for their true and correct contents.

13. The Republic lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 14 of the Complaint for its true and correct contents.

15.     The Republic denies the allegations of Paragraph 15 of the Complaint.

16.     The Republic repeats its responses to paragraphs 1 to 15 of the Complaint as if fully set forth here.

17.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint.

18.     The Republic admits that since December 2001 it has not paid interest or principal on nonperforming debt, including principal payments on the bonds described in Paragraph 18 of the Complaint.  To the extent that Paragraph 18 purports to characterize the contents of written documents, which documents speak for themselves, the Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 18 of the Complaint for their true and correct contents.

19.     Paragraph 19 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 19 of the Complaint for their true and correct contents.

20.     Paragraph 20 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 21 of the Complaint.

### First Affirmative Defense

22. The Complaint fails to state a claim upon which relief may be granted, including because plaintiff seeks recovery on a bond issued pursuant to the Trust Deed, despite plaintiff's failure to plead facts demonstrating that the requirements for an enforcement proceeding set out in the Trust Deed have been satisfied.

### Second Affirmative Defense

23. Plaintiff's claim is barred by the act of state doctrine.[1]

### Third Affirmative Defense

24. To the extent plaintiff is not acting in good faith in commencing and prosecuting this action, plaintiff is barred from enforcing any rights it may otherwise have.

### Fourth Affirmative Defense

25. Plaintiff's claim is barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

26. Plaintiff's claim is barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

27. Plaintiff's claim is barred by N.Y. Judiciary Law Section 489.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. See Lightwater Corp. Ltd. v. Republic of Argentina, 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, 03 Civ. 2508 (TPG), 2003 WL 22120745, (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a) dismissing plaintiff's claim with prejudice;

(b) awarding the Republic costs and disbursements, including reasonable attorneys' fees;

and (c) granting the Republic such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        November 13, 2007

                              JONATHAN A. WILLENS LLC

                              By: _____
                                 Jonathan A. Willens, Esq. (JW-9180)
                              217 Broadway, Suite 707
                              New York, New York 10007
                              Tel. (212) 619-3749
                              Fax: (800) 879-7938
                              jawillens@briefworks.com
                              *Attorney for the Defendant*
                              *Republic of Argentina*

To:  Russell W. Jacobs, Esq.
      Hughes Hubbard & Reed LLP
      One Battery Park Plaza
      New York, New York 10004-1482
      *Attorneys for Plaintiff*